IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ARVA ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et. al.,<br><br>Defendant. | MEMORANDUM DECISION<br>& RULING<br><br>Case No. 2:06-cv-00741<br><br>United States District Court Chief Judge<br>Ted Stewart<br><br>Magistrate Judge Dustin Pead |

Currently pending before this Court is Plaintiff Arva Anderson's ("Plaintiff")[1] "Motion For Leave To File Additional Expert Report" (Docket Number 289).[2]  Defendant Crane Co. objects to Plaintiff's motion (Docket Number 294), and Defendants Sepco Corporation and York International Corporation have been granted leave to join Crane's objection (collectively "Defendants") (Docket Number 309).

The Court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court concludes that oral argument would not materially assist in the determination of this matter.  *See* DUCivR 7-1(f).

---

[1] This action was originally filed by Mr. Joseph Alexander Anderson Jr.  After Mr. Anderson's death on June 7, 2008, his wife and executor of his estate, Arva Anderson, was substituted as Plaintiff.

[2] This matter was referred to Magistrate Judge Dustin Pead by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket Number 290).

**Motion For Leave**

On August 5, 2010, Plaintiff filed her Rule 26 Disclosures of Expert and Fact Witnesses which included the expert reports of Dr. Steven Dikman (Dr. Dikman) and Dr. Barry Horn (Dr. Horn) (Docket Numbers 294-1, 294-2).  Plaintiff hired Dr. Dikman and Dr. Horn to testify regarding the cause of Mr. Anderson's mesothelioma.

On November 8, 2012, Dr. Dikman passed away (Docket Number 280).   Due to Dr. Dikman's death, Plaintiff filed her currently pending motion seeking leave of the Court to obtain a new expert to testify regarding medical causation (Docket Number 289).   Absent leave to obtain an additional expert, Plaintiff asserts that she will be "greatly prejudiced." *Id.*  Defendants counter that given the testimony of Dr. Horne, a replacement expert is unnecessary and that allowing Plaintiff to add another expert at this juncture is unfair to Defendants. (Docket Number 294).

**Judge Stewart's Ruling**

On June 24, 2013, District Court Judge Ted Stewart issued a Memorandum Decision and Order granting Defendants' "Motion To Exclude The Proposed Specific Causation Testimony From Plaintiff's Experts" (Docket Number 323).  At issue was the question of whether Plaintiff's experts, Dr. Dikman and Dr. Horne, should be allowed to offer "every exposure" testimony.  Under that theory, "every exposure" to asbestos is a factual cause in the development of an individual's mesothelioma.  *Id.*  Defendants' objected to the testimony arguing that the theory is not supported by "any scientifically accepted approach to determining causation in a toxic exposure case." (Docket Number 280).

In his decision granting Defendants' motion, Judge Stewart limited the substance of the experts' proposed testimony and concluded that the "every exposure theory of causation does not

meet the standards set by Rule 702 and *Daubert* and must be excluded" (Document Number 323).

### Ruling & Order

In light of Judge Stewart's recent decision and upon consideration of the parties' arguments, the Court hereby **grants in part** Plaintiff's motion for leave to file an additional export report (Docket Number 289).  Plaintiff's motion is **denied in part** to the extent that Plaintiff's new expert intends to provide testimony regarding the every exposure theory of causation.  While Plaintiff indicates that the testimony of her new expert "would be in all respects consistent with the report of Dr. Dikman" (Docket Number 289) the Court cautions that every exposure theory testimony shall not be allowed and that any testimony provided must comport with Judge Stewart's Ruling.

Accordingly:

1.  Plaintiff shall have forty-five (45) days from the date of this Order to serve an additional expert report upon Defendants.

2.  If necessary, Defendants shall have forty-five (45) days from receipt of Plaintiff's additional medical expert report within which to serve a rebuttal expert report.

DATED this 1st day of July, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge