IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>                  Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS FOR LEAVE TO FILE A DISPOSITIVE MOTION<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Crane Co.'s Motion for Leave to File a Dispositive Motion and Defendant York International Corporation's ("York") Motion for Leave to File a Dispositive Motion. For the reasons discussed below, the Court will deny Defendants' Motions.

I.  BACKGROUND

This matter was initially filed in state court by Joseph Alexander Anderson, Jr., and was removed to this Court on September 1, 2006. Plaintiff's complaint alleged that Mr. Anderson had been diagnosed with asbestos-caused Mesothelioma. Mr. Anderson died of Mesothelioma on June 7, 2008, and his wife and the executor of his estate, Arva Anderson, was substituted as Plaintiff. On October 20, 2006, the United States of America Judicial Panel on Multidistrict Litigation ("MDL") issued Conditional Transfer Order 269,[1] which transferred Plaintiff's case to the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Court").

---

[1] *See* Docket No. 143.

While before the Pennsylvania Court, each of the Defendants filed a motion for summary judgment. The Pennsylvania Court denied each of these motions in whole or in part in separate opinions on April 27, 2011.[2] Defendant Crane Co. filed a motion for reconsideration before the Pennsylvania Court, and the Pennsylvania Court denied the motion on September 26, 2012.[3]

On that same day, the Pennsylvania Court issued a Suggestion of Remand, suggesting that the case be remanded to this Court because all discovery had been completed and the case was ready for trial.[4] On October 12, 2012, a Clerk's Order of Conditional Remand was signed, remanding the case back to this Court for trial and severing all claims for punitive or exemplary damages.[5]

On November 28, 2012, Defendant York filed a Motion for Reconsideration and on December 3, 2012, Defendant Crane Co. filed a Renewed Motion for Partial Reconsideration and Clarification.[6] The Court denied these motions on July 15, 2013.[7] Defendants now seek leave to file a dispositive motion.

## II. DISCUSSION

Crane Co. seeks permission to file a dispositive motion on the legal issue of "whether Crane Co. is legally responsible for asbestos-containing materials that it neither made nor sold,

---

[2] *Anderson v. Ford Motor Co.*, No. 2:09–69122, 2011 WL 5505462 (E.D. Pa. Apr. 29, 2011) (unpublished) (order denying Crane Co.'s motion); *Anderson v. Ford Motor Co.*, No. 2:09–69122, 2011 WL 5505437 (E.D. Pa. Apr. 29, 2011) (unpublished) (order denying York's motion).

[3] Docket No. 28-13.

[4] Docket No. 254.

[5] *Id.*

[6] Docket No. 267; Docket No. 268.

[7] Docket No. 328.

but which were used with its pumps and valves post-sale."[8] The pending motion sets forth substantially the same argument that Crane Co. made to the Pennsylvania Court when it argued that it should not be held responsible for products "manufactured or supplied by other companies and used with Crane Co. valves post-sale,"[9] which is known as the "bare metal" defense. The Pennsylvania Court found that it "need not consider the 'bare metal' defense since Plaintiff has presented evidence that Crane Co. manufactured some asbestos-containing pumps. Moreover, Defendant has not cited to any Utah case recognizing the 'bare metal' defense in the asbestos context."[10]

Crane Co. also made substantially the same argument before this Court when it sought "an order determining that it is not legally responsible or liable for asbestos-containing products it did not manufacture, supply, or otherwise introduce into the stream of commerce, but which were placed upon its metal valves and pumps by others post-sale."[11] At that time, Crane Co. did not ask the Court to reconsider the MDL Court's April 27, 2011 Order, but insisted that it was merely asking for clarification of a legal issue.[12] Crane Co., however, sought the same relief from this Court as it sought from the Pennsylvania Court and effectively requested the Court grant summary judgment.[13] At that time, the Court determined,

> to the extent that Crane Co. is asking the Court to reconsider the Pennsylvania Court's finding that there was a material issue of fact as to whether Crane Co. manufactured asbestos-containing pumps or valves, it is a second Motion to

---

[8] Docket No. 400.

[9] Docket No. 268, at 3.

[10] *Anderson v. Ford Motor Co.*, No. 2:09–69122, 2011 WL 5505462, at *1 n.1.

[11] Docket No. 268, at 1.

[12] *Id.*, at 1, 5.

[13] Docket No. 328, at 15.

Reconsider. The Court will not engage in an attempt to define an area of Utah law that is not relevant to Crane Co.'s motion for summary judgment, and the question of Crane Co.'s liability for products it did not manufacture, supply, or otherwise introduce into the stream of commerce is only relevant if the Court does overturn the Pennsylvania Court's determination that there is a material issue of fact around the manufacture, supply, or introduction into the stream of commerce of asbestos-containing products. As the Pennsylvania Court has already fully considered Defendant's Motion to Reconsider, this Court need not do so again.[14]

In its Motion for Leave to File a Dispositive Motion Crane Co. again makes the same argument it made previously to the Pennsylvania Court and this Court. For the same reasons previously explained by the Court in its Memorandum Decision and Order Denying Defendants' Motions for Reconsideration and Clarification, Defendant Crane Co.'s Motion will be denied.

Defendant York adopts as its own Crane Co.'s Motion for Leave to File a Dispositive Motion and incorporates by reference the same relief sought.[15] For the same reasons set forth above, York's Motion will also be denied.

### III. CONCLUSION

It is therefore ORDERED that Defendant Crane Co.'s Motion for Leave to File a Dispositive Motion (Docket No. 400) is DENIED. It is further

ORDERED that Defendant York International Corporation's Motion for Leave to File a Dispositive Motion (Docket No. 437) is DENIED.

---

[14] *Id.*

[15] Docket No. 437.

DATED this 9th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge