IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY., et al,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE IRRELEVANT PRODUCT CATALOGS<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant Flowserve Corporation's (f/k/a Durco International, Inc.) Motion in Limine to Exclude Irrelevant Product Catalogs (Docket No. 393), Defendant Crane Co.'s Motion in Limine to Exclude Irrelevant Product Catalogs (Docket No. 397), Defendant Goulds Pumps, Inc.'s Motion in Limine to Exclude Irrelevant Product Catalogs (Docket No. 419), and Defendant York International Corporation's Motion in Limine to Exclude Irrelevant Product Catalogs (Docket No. 433). For the reasons set forth below, the Court will grant Defendants' Motions in part.

      Defendants anticipate that Plaintiff may seek to introduce Defendants' product catalogs that depict and describe Defendants' products.[1] Defendants argue that the only relevant products are those to which Plaintiff was exposed and, if there is no evidence that Plaintiff was exposed to the products depicted in product catalogs, then such catalogs are irrelevant.[2] Plaintiff contends that the product catalogs are relevant because they provide evidence that Defendants knew their

---

[1] Docket No. 397, at 2.

[2] *Id.*

1

products would require replacement of parts containing asbestos and that Defendants profited from the sale of replacement parts containing asbestos.[3] Plaintiff also alleges the catalogs demonstrate a method in which Defendants could have communicated with consumers the known dangers of asbestos containing products.[4]

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."[5] Federal Rules of Evidence 402 and 403 limit admissible evidence to relevant evidence that has probative value not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence.[6]

The Court will not allow Plaintiff or Defendants to introduce any irrelevant evidence. Similarly, the Court will not allow evidence when the probative value of such evidence is substantially outweighed by unfair prejudice or any other concern articulated in Rule 403. Plaintiff has not alleged that the product catalogs in question depict the products to which Plaintiff was exposed. The Court intends only to allow product catalogs that depict the products to which Plaintiff was exposed and will limit the admission of such catalogs to only those portions that depict relevant products. However, if at trial, Plaintiff is able to demonstrate the relevance of catalogs that do not depict products to which Plaintiff was exposed, the Court will determine whether to admit such catalogs into evidence at that time.

---

[3] Docket 463, at 2.
[4] *Id.*
[5] Fed. R. Evid. 401.
[6] Fed. R. Evid. 402, 403.

It is therefore

ORDERED that Defendants' Motions in Limine to Exclude Irrelevant Product Catalogs (Docket Nos. 393, 397, 419, 433) are GRANTED IN PART as set forth above.

DATED this 9th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge