IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY., et al,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS IN LIMINE TO PRECLUDE ARGUMENT THAT ACTIONS OR KNOWLEDGE OF A TRADE ASSOCIATION ARE IMPUTED TO ITS MEMBERS<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant Flowserve Corporation's (f/k/a Durco International, Inc.) Motion in Limine to Preclude Argument that the Actions or Knowledge of a Trade Association are Imputed to its Members (Docket No. 392), Defendant Crane Co.'s Motion in Limine to Preclude the Action or Knowledge of a Trade Association from Being Imputed to Members Unless Plaintiff Provides Evidence that a Member had Actual Knowledge of, and Approved, the Action of the Trade Association (Docket No. 395), Defendant Goulds Pumps, Inc.'s Motion in Limine to Preclude the Actions or Knowledge of a Trade Association from Being Imputed to its Members Unless Plaintiff Provides Evidence that a Member had Actual Knowledge of, and Approved, the Actions of the Trade Association (Docket No. 420), Defendant Sepco Corporation's Motion in Limine to Preclude the Actions or Knowledge of a Trade Association from Being Imputed to its Members Unless Plaintiff Provides Evidence that a Member had Actual Knowledge of, and Approved, the Actions of the Trade Association (Docket No. 428), and Defendant York International Corporation's Motion in Limine to Preclude the

Actions or Knowledge of a Trade Association from Being Imputed to its Members Unless Plaintiff Provides Evidence that a Member had Actual Knowledge of, and Approved, the Actions of the Trade Association (Docket No. 436).

In Defendants' Motions in Limine, Defendants anticipate that Plaintiff will introduce evidence regarding trade association activities and attempt to impute to Defendants the conduct and knowledge of the trade association on its members.[1] Defendants acknowledge that under certain circumstances trade association knowledge may be imputed to a trade association.[2] Defendants argue that because Plaintiff has yet to demonstrate such circumstances exist, any evidence attempting to impute such knowledge is irrelevant.[3] Further, Defendants claim that any attempt to impute trade association knowledge on Defendants would provide marginal evidentiary value, which would be outweighed by the undue prejudice, confusion, and waste of time.

Federal Rules of Evidence 402 and 403 limit admissible evidence to relevant evidence that has probative value not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence.[4] If Plaintiff offers evidence that attempts to impute trade association knowledge to Defendants and defense counsel timely objects to the admissibility of

---

[1] Docket No. 392, at 2; Docket No. 395, at 1-2.

[2] *Id.* (citing *N.A.A.C.P. v. Claiborne Hardware Co.* 458 U.S. 886, 919 (1986) (quoting *Scale v. United States*, 367 U.S. 203, 229 (1961))).

[3] *Id.*

[4] Fed. R. Evid. 402, 403.

such evidence, the Court will decide at that time whether the evidence is admissible under Rules 402 and 403.

It is therefore ORDERED Defendants' Motions in Limine (Docket Nos. 392, 395, 420, 428, and 436) are DENIED WITHOUT PREJUDICE.

DATED this 9th day of September, 2014.

BY THE COURT:

Ted Stewart
United States District Judge