IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY., et al,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE DAMAGES NOT DISCLOSED IN COMPLIANCE WITH RULE 26(a)(1)(A)(iii)<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Sepco Corporation's Motions in Limine to Exclude Damages Not Disclosed in Compliance with Rule 26(a)(1)(A)(iii) (Docket Nos. 404, 411), Defendant Goulds Pumps, Inc. Motion in Limine to Exclude Damages Not Disclosed in Compliance with Rule 26(a)(1)(A)(iii) (Docket No. 415), Defendant York International's Motion in Limine to Exclude Damages Not Disclosed in Compliance with Rule 26(a)(1)(A)(iii) (Docket No. 431), and Defendant Flowserve Corporation's (f/k/a Durco International, Inc.) Motion in Limine to Exclude Damages Not Disclosed in Compliance with Rule 26(a)(1)(A)(iii) (Docket No. 439). For the reasons set forth below, the Court will grant Defendant's Motion.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to provide pretrial disclosures that include "a computation of each category of damages claimed by the disclosing party—who must make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, . . . on which each computation is based, . . . ."[1]  Federal Rule of Civil

---
[1] Fed. R. Civ. P. 26(a)(1)(A)(iii).

1

Procedure 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[2]

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[3]

If Plaintiff failed to disclose the evidentiary materials required under Rule 26(a)(1)(A)(iii), the court will exclude such materials unless Plaintiff can show its failure was substantially justified or is harmless using the framework set forth above.

It is therefore

ORDERED that Defendants' Motions in Limine to Exclude Damages Not Disclosed in Compliance with Rule 26(a)(1)(A)(iii) (Docket Nos. 404, 411, 415, 431, and 439) are GRANTED as set forth above.

---

[2] Fed. R. Civ. P. 37(c).

[3] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

DATED this 11th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge