IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY., et al,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE REFERENCE TO MESOTHELIOMA AS AN ASBETOS-RELATED ILLNESS OR "ASBESTOS CANCER"<br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Defendant Sepco Corporation's Motion in Limine to Exclude Reference to Mesothelioma as an Asbetos-Related Illness or "Asbestos Cancer" (Docket No. 407) and Defendant Flowserve Corporation's (f/k/a Durco International, Inc.) Motion in Limine to Exclude Reference to Mesothelioma as an Asbestos-Related Illness or "Asbestos Cancer" (Docket No. 442). For the reasons set forth below, the Court will grant Defendants' Motions in part.

      Defendants anticipate that Plaintiff will solicit testimony from lay witnesses that Plaintiff contracted an asbestos-related cancer.[1] Defendants argue that non-expert testimony by lay witnesses as to the cause of Plaintiff's cancer and death is improper under Rule 701 of the Federal Rules of Evidence.[2] Plaintiff expects its medical experts to testify at trial that asbestos is

---

[1] Docket No. 407.

[2] *Id.*

1

the only known occupational cause of mesothelioma in the United States.[3] Rule 701 states in part, "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[4] The Court will grant Defendants' Motions to the extent that the Court will require Plaintiff to establish by expert testimony that Plaintiff's mesothelioma was caused by exposure to products containing asbestos. Lay witnesses may testify to facts of which they are aware; for example, what diagnosis was offered by physicians as to the cause of Plaintiff's illness.

Defendants also seek to prevent Plaintiff's counsel from referring to mesothelioma as "asbestos cancer" throughout questioning of Plaintiff or any lay witnesses.[5] The Court will grant Defendants' Motions in so far as they require Plaintiff to first establish by expert testimony that exposure to asbestos is a known cause of mesothelioma in accordance with Rules 701 and 702. Once Plaintiff lays proper foundation that asbestos is a known cause of mesothelioma, the Court will not prevent Plaintiff's counsel from using the phrase "asbestos cancer" or equivalents throughout trial.

It is therefore

ORDERED that Defendants' Motions in Limine to Exclude Reference to Mesothelioma as an Asbestos-Related Illness or "Asbestos Cancer" (Docket Nos. 407 and 442) are GRANTED IN PART as set forth above.

---

[3] Docket No. 462.

[4] Fed. R. Evid. 701(c).

[5] Docket No. 407, at 3.

DATED this 11th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge