IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY., et al,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED OR WITHDRAWN DOCUMENTS AND WITNESSES<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Defendant Sepco Corporation's ("Sepco") Motion in Limine to Exclude Undisclosed or Withdrawn Documents and Witnesses. For the reasons set forth below, the Court will grant Defendant's Motion.

       Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide pretrial disclosures that identify witnesses with discoverable information and identify or provide documents that may be used to support their claims or defenses.[1] Further, Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose expert witnesses. Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[2]

---

[1] Fed. R. Civ. P. 26(a)(1)(A).

[2] Fed. R. Civ. P. 37(c).

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[3]

If Plaintiff failed to disclose the evidentiary materials required under Rule 26(a)(1)(A), Rule 26(a)(2), or other rule, the court will exclude such materials unless Plaintiff can show its failure was substantially justified or is harmless using the framework set forth above.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Undisclosed or Withdrawn Documents and Witnesses (Docket Nos. 421) is GRANTED as set forth above.

DATED this 11th day of September, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

---

[3] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).