IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY., et al,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SEPCO CORPORATION PRODUCTS OTHER THAN THAT TO WHICH PLAINTIFF CLAIMS ACTUAL EXPOSURE BY JOSEPH ANDERSON<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Sepco Corporation's ("Sepco") Motion in Limine to Exclude Evidence of Sepco Corporation Products Other than that to Which Plaintiff Claims Actual Exposure by Joseph Anderson. For the reasons set forth below, the Court will grant Defendant's Motion.

Defendant anticipates that Plaintiff may attempt to offer evidence related to Sepco products other than those products to which Plaintiff was allegedly exposed. Defendant argues that such products are irrelevant because they do not have the tendency to make the existence of a fact of consequence more or less probable. Defendant also argues that evidence related to products to which Plaintiff was not allegedly exposed would have little probative value and could confuse or mislead the jury.

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the

1

fact is of consequence in determining the action."[1] Federal Rules of Evidence 402 and 403 limit admissible evidence to relevant evidence that has probative value not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence.[2]

The Court will not allow Plaintiff or Defendants to introduce any irrelevant evidence. Similarly, the Court will not allow evidence when the probative value of such evidence is substantially outweighed by unfair prejudice or any other concern articulated in Rule 403. The Court intends to preclude evidence related to Sepco products to which Plaintiff was not allegedly exposed. However, if at trial, Plaintiff is able to demonstrate the relevance of Sepco products to which Plaintiff was not exposed, the Court will determine whether to admit such evidence at that time.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence of Sepco Corporation Products Other than that to Which Plaintiff Claims Actual Exposure by Joseph Anderson (Docket Nos. 408) is GRANTED as set forth above.

DATED this 11th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] Fed. R. Evid. 401.
[2] Fed. R. Evid. 402, 403.