IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARVA ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTIONS IN LIMINE TO PRECLUDE USE OF THE TERMS "ASBESTOS INDUSTRY," "ASBESTOS COMPANY," OR "MEMBER OF THE ASBESTOS INDUSTRY" BEFORE THE JURY<br><br><br>Case No. 2:06-CV-741 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Crane Co.'s Motion in Limine to Preclude Use of the Terms "Asbestos Industry," "Asbestos Company," or "Member of the Asbestos Industry" Before the Jury (Docket No. 398), Defendant Goulds Pumps, Inc.'s Motion in Limine to Preclude Use of the Terms "Asbestos Industry," "Asbestos Company," or "Member of the Asbestos Industry" Before the Jury (Docket No. 417), Defendant York International Corporation's Motion in Limine to Preclude Use of the Terms "Asbestos Industry," "Asbestos Company," or "Member of the Asbestos Industry" Before the Jury (Docket No. 435), and Defendant Flowserve Corporation's (f/k/a Durco International, Inc.) Motion in Limine to Preclude Use of the Terms "Asbestos Industry," "Asbestos Company," or "Member of the Asbestos Industry" Before the Jury (Docket No. 446). For the reasons set forth below, the Court will grant Defendants' Motions in part.

Defendants seek to prevent Plaintiff from using terms such as "asbestos industry," "asbestos company," or "member of the asbestos industry" to describe the Defendants before the jury.[1] Defendants argue that such terms should be excluded from trial because they inaccurately describe Defendants and are unfairly prejudicial.[2] Defendants assert that these terms inaccurately describe Defendants because Defendants did not mine or manufacture products from asbestos, but incorporated asbestos-containing components into their products.[3] Thus, Defendants claim they are not in the asbestos industry. Further, Defendants argue that using these terms would unfairly prejudice Defendants because the use of these terms could cause the jury to improperly associate Defendants with those in the actual asbestos industry or impute to Defendants the conduct of others.[4]

Plaintiff argues that the evidence will show that Defendants were in the business of producing and selling asbestos products and products with asbestos components.[5] Therefore, if Plaintiff is not able to describe Defendants as being in the asbestos industry, it would improperly limit Plaintiff at trial.[6]

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Federal Rules of Evidence 402 and 403 limit admissible evidence to relevant evidence that has probative value not substantially outweighed

---

[1] Docket No. 398.
[2] *Id.*
[3] *Id.* at 2.
[4] *Id.* at 2-3.
[5] Docket No. 464.
[6] *Id.*

by the danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence.

In this instance, there is a risk of confusion and prejudice by Plaintiff's describing Defendants using terms such as "asbestos industry," "asbestos company," or "member of the asbestos industry." Therefore, the Court will not allow Plaintiff to describe Defendant using these terms. The Court, however, will allow Plaintiff to describe Defendants as members of an industry that produced products that incorporated components that contained asbestos. Describing Defendants this way is more accurate and will not significantly limit Plaintiff at trial. However, if at trial, Plaintiff can demonstrate that the prohibited descriptions are indeed accurate, the Court will determine whether to allow their use by applying Rules 401, 402, and 403.

It is therefore

ORDERED that Defendants' Motion in Limine to Preclude Use of the Terms "Asbestos Industry," "Asbestos Company," or "Member of the Asbestos Industry" Before the Jury (Docket Nos. 398, 417, 435, and 446) are GRANTED IN PART as set forth above.

DATED this 16th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge